Voto particular de conformidad emitido por el
Juez Asociado Señor Rebollo López.
El descargue, objetivo y correcto, de las funciones y obli-gaciones que tenemos los integrantes de este Tribunal no se pueden llevar a cabo como si trabajáramos en un edificio sin ventanas, resolviendo los casos ante nuestra considera-ción con total abstracción de lo que sucede a nuestro alre-dedor, negándonos a mirar más allá de sus portones.
En lo pertinente a los hechos del caso ante nuestra con-sideración, los Jueces de este Tribunal no podemos darnos el lujo de darle la espalda y hacer caso omiso de lo que hace tiempo es un secreto a voces en nuestro País: el Departa-mento de Hacienda de Puerto Rico (Departamento de Hacienda), durante el mes de abril de cada año, presenta car-gos criminales por evasión contributiva contra personas *49 conocidas o de cierto renombre en nuestra sociedad con el expreso propósito de “asustar” a la ciudadanía en general y “motivarla” a cumplir con su obligación contributiva.
Durante el 2006, le “tocó el turno” a los recurridos Eddie Miró Castañeda y Juanita Medina Boria, quienes, efectiva-mente, no habían cumplido con su obligación ciudadana de rendir sus planillas contributivas durante los años 2002 al 2004. Ese hecho no está en controversia.
Lo que sí está en discusión —y que debe ser resuelto por el. foro judicial— es si el matrimonio Miró-Medina fue víc-tima de un procesamiento selectivo por parte del Estado, lo cual, de demostrarse, es una violación de la cláusula cons-titucional sobre la igual protección de las leyes.
A esos efectos, resulta pertinente señalar que las denun-cias o los cargos criminales contra el matrimonio Miró-Medina fueron presentadas el 12 de abril de 2006; esto es, tres días antes del 15 de abril, fecha en que los ciudadanos de este País están obligados a rendir sus planillas contri-butivas ante el Departamento de Hacienda.
¿Casualidad o coincidencia? Hace más de cuarenta y cinco años, este Tribunal expresó que “[l]os jueces no debemos, después de todo, ser tan inocentes como para creer [cosas] que nadie más creería”. Pueblo v. Luciano Arroyo, 83 D.P.R. 573, 582 (1961).
Pero, hay más; tampoco está en discusión que durante la celebración de la vista preliminar en el presente caso, según la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, surgió, del testimonio de una testigo de cargo, que en el Departamento de Hacienda existen dos procedimien-tos paralelos para atender casos de deudas contributivas —uno administrativo y otro criminal— y que los de índole criminal son considerablemente menos que los de carácter administrativo.
Lo anteriormente expresado, a nuestro juicio, es prima facie suficiente para rebatir la presunción de buena fe y *50 legitimidad que cobija, de ordinario, los procedimientos cri-minales; esto es, el planteamiento de los recurridos sobre encausamiento selectivo no es frívolo.
Los recurridos intentan fortalecer su planteamiento por medio de los testimonios de las personas que han citado, los cuales, dicho sea de paso, son empleados del Departa-mento de Hacienda que no son testigos de cargo. ¿Por qué la oposición del Estado? ¿A qué le temen? ¿Será que dichos testimonios corroboran el planteamiento de los recurridos?
Debe recordarse, en primer lugar, que la verdad debe siempre prevalecer, sea cual sea. La verdad puede ser dura y, en ocasiones, hasta amarga, pero nunca es injusta. Es por ello que el norte de todo procedimiento criminal siem-pre debe ser el descubrimiento de la verdad.
En segundo término, no debemos olvidar que los “tecni-cismos no pueden impedir que atendamos el clamor de quien busca justicia. Cuando la ley no provee el camino, la justicia lo hace”. Correa Negrón v. Pueblo, 104 D.P.R. 286, 291-292 (1975).
Por los fundamentos anteriormente expuestos, entre otros, es que consideramos que resulta procedente denegar la solicitud de certiorari presentada por el Estado en el pre-sente caso, la cual, a nuestro juicio, constituye un intento de impedir que aflore la verdad mediante la utilización de tec-nicismos legales, impidiendo de esa forma que se haga jus-ticia en el caso.(1)

 Dado el poco tiempo que hemos tenido para redactar el Voto Particular de Conformidad —el caso está señalado para hoy— en el presente caso nos reservamos el derecho a ampliarlo en etapa de reconsideración, si es que alguna de las partes la solicitara.